Spartacus, Inc., Appellant *v.* Borough of McKees Rocks, Appellee.

Argued October 5, 1983, before Judges WILLIAMS, JR., MACPHAIL and BLATT, sitting as a panel of three.

*Rochelle S. Friedman,* with her *Carl Max Janavitz,* for appellant.

*Samuel J. Pasquarelli, Jubelirer, Pass & Intieri, P.C.,* for appellee.

OPINION BY JUDGE WILLIAMS, JR., February 8, 1984:

Spartacus, Inc. appeals from an order of the Court of Common Pleas of Allegheny County denying its exceptions to the decree nisi requiring Spartacus to account for amusement taxes, interest and penalty owed the Borough of McKees Rocks (Borough) from 1976.

The Chancellor's undisputed findings establish that the Borough issued an occupancy permit to Spartacus, on January 15, 1976, for the use of premises as a "health club for entertainment, amusement and physical exercise of patrons." From the beginning, however, a health club never operated on the premises; instead, Spartacus's female personnel provided sexual services to paying customers.

In January 1977, the Borough filed a complaint in equity seeking an accounting for all admission fees and charges collected by Spartacus since 1976, and payment, pursuant to Ordinance 1306, of an amusement tax upon those receipts. Ordinance 1306, which permits the levying of a tax upon admission fees for the privilege of attending or engaging in amusements, defines "amusement" pertinently as:

> [a]ll manner and form of entertainment, diversion, sport, recreation or pastime . . . and any other type or form of diversion, sport, pastime, recreation, show, performance, entertainment, exhibition, contest, display or game . . . and including but not limited to any other method, direct or indirect, of obtaining any charges, fee, price, donation, money, consideration, or any thing of value whatsoever, from the general public, or a limited or selected number thereof . . . directly or indirectly in return *for other than tangible property or specific personal or professional services.* (Emphasis added.)

After trial, the Chancellor concluded that Spartacus's prostitution enterprise was taxable as an amusement under Ordinance 1306. Asserting that prostitution is either a profession or specific personal service, and therefore not an amusement under the Ordinance, Spartacus excepted to the Chancellor's conclusion. After hearing argument, the common pleas court, en banc, denied the exceptions.

We thus affirm the common pleas court's order dismissing exceptions on the basis of the well-reasoned opinion authored by the Honorable MAURICE LOUIK for the court en banc, which is published at 27 Pa. D. & C.3rd 738 (1982).

ORDER

AND Now, this 8th day of February, 1984, the order of the Court of Common Pleas of Allegheny County in the above-captioned matter, dated October 14, 1982, is affirmed.